# In re Alex OSEIWUSU, Respondent

## File A72 537 754 - San Pedro

*Decided March 25, 1998*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) An alien who arrives in the United States pursuant to a grant of advance parole is an "arriving alien," as that term is defined in the federal regulations.

(2) According to the regulations, an Immigration Judge has no authority over the apprehension, custody, and detention of arriving aliens and is therefore without authority to consider the bond request of an alien returning pursuant to a grant of advance parole.

Pro se

Before: Board Panel: HEILMAN, COLE, and MATHON, Board Members.

HEILMAN, Board Member:

This is a timely appeal from an Immigration Judge's bond redetermination decision. The request for oral argument before the Board is denied. 8 C.F.R. § 3.1(e) (1997). The request for a waiver of the appeal fee is granted. The decision of the Immigration Judge will be vacated and the record will be returned to the Immigration Court.

The respondent last arrived in the United States in April of 1996. At the time he returned to the United States, the respondent was an applicant for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1994), based on his marriage to a citizen of the United States. The respondent was paroled into the United States upon his arrival pursuant to a grant of advance parole.

The federal regulations define an "arriving alien" as follows: "The term *arriving alien* means an alien who seeks admission to or transit through the United States . . . . An arriving alien remains such even if paroled pursuant to section 212(d)(5) of the Act." 62 Fed. Reg. 10,312, 10,330 (1997) (to be codified at 8 C.F.R. § 1.1(q)) (interim, effective Apr. 1, 1997). Given the fact that the respondent was paroled into the United

19

States, he falls within the definition of an "arriving alien."

Pursuant to the regulations, an Immigration Judge has no authority over the apprehension, custody, and detention of arriving aliens. 62 Fed. Reg. 10,312, 10,361 (1997) (to be codified at 8 C.F.R. § 236.1(c)(5)(i)) (interim, effective Apr. 1, 1997). Moreover, arriving aliens cannot avail themselves of the review process provided in the regulations. *Id.; see also* 62 Fed. Reg. 10,312, 10,361 (1997) (to be codified at 8 C.F.R. § 236.1(d)) (interim, effective Apr. 1, 1997)(describing the review process). Therefore, because the Immigration Judge had no authority over the apprehension, custody, and detention of arriving aliens, consideration of the respondent's bond request was improper.

Accordingly, the decision of the Immigration Judge will be vacated, and the record will be returned to the Immigration Court for any further action, as necessary.

**ORDER:** The Immigration Judge's decision is vacated, and the record is returned to the Immigration Court.